ALONZO V. LYNDE & another *vs.* JOHN MCGREGOR & others.

If the wife of an insolvent debtor, not knowing his pecuniary condition, mortgages land, which she holds as her separate property, as security for money advanced to him, and he thereafter, within six months before the commencement of proceedings in insolvency, knowing himself to be insolvent, with intent to defraud his creditors, and with the fraudulent participation of the mortgagee, expends money in improving and building upon the land, the assignee in insolvency may maintain a bill in equity against her, her husband and the mortgagee, to compel the payment to him of the amount of the increased value of the land, by reason of the husband's expenditures thereon, over and above the sum for which it was mortgaged.

Written answers made in the course of an examination of a witness under oath in the court of insolvency are admissible in evidence against him afterwards, though not signed by him, and though made with an understanding that he should have an opportunity of submitting them to his counsel for revision before signing and filing them.

BILL IN EQUITY by the assignees of Edward P. Boardman, an insolvent debtor, against Boardman, his wife, and John McGregor. At the hearing before *Gray*, J., upon the bill, answers, replication and proofs, the case appeared to be as follows :

Boardman and wife, (who were married since 1860,) on the 20th of May 1864 executed to McGregor a promissory note for the sum of $6500, together with a mortgage of her land in Milton, in which her husband had an estate by the curtesy, expressed to be made to secure the payment of this promissory note, and containing a power of sale. The only consideration actually paid for this note and mortgage was the sum of $2000, lent by McGregor to Boardman. The mortgage was made by Boardman and accepted by McGregor, and large sums of money were afterwards expended by Boardman, with the knowledge of McGregor, in building upon the land, Boardman and McGregor both knowing at the time of such making, acceptance and expenditure, that Boardman was insolvent, and both intending to hinder and defraud his creditors.

Among the evidence of McGregor's knowledge and fraudulent intent, the plaintiffs offered the answers made in writing by McGregor, upon being examined under oath by the plaintiffs, by order of the judge of insolvency. One of the plaintiffs testified that this examination took place upon different days, and

often in the absence of McGregor's counsel, with an understand-
ing between the plaintiffs and McGregor that he should have an
opportunity to submit his answers to his counsel for revision
before signing and filing the examination; that from time to
time during the examination the interrogatories and answers
were taken by the defendant, and sometimes kept by him for
days, for the purpose, as he said, of being submitted to his coun-
sel; and that, when the examination was nearly completed, the
answers were delivered by the plaintiffs to McGregor for the
purpose of revision by his counsel, and, although repeatedly de-
manded of them by the plaintiffs, remained in the possession of
McGregor or his counsel for at least two months, and until
produced in court. The defendant McGregor objected to the
admission of the answers as evidence against him, upon the
ground that they had not been revised by his counsel, or signed
by himself. But the objection was overruled, and the evidence
admitted against him. If this admission was erroneous, the
case is to stand for rehearing.

The wife, upon signing the note and mortgage, delivered them
to her husband, who, with her knowledge, sent the mortgage to
the registry of deeds to be recorded, before it was delivered to
McGregor. At the time of signing, the wife did not know or
believe that her husband was insolvent, and had no knowledge
of his pecuniary condition.

The bill prayed for an account; for an injunction against a
sale, under the power contained in the mortgage, of which
McGregor had given notice for breach of condition by non-pay-
ment of interest on the sum of $6500; for an assignment of the
mortgage by McGregor to the plaintiffs; and for further relief.

The defendant McGregor contended that the plaintiffs had an
adequate and complete remedy at law, and therefore could not
maintain this bill.

The question whether the plaintiffs were entitled to any and
what remedy in this suit was reserved for the consideration and
determination of the whole court.

*W. Gaston & A. Churchill,* for the plaintiffs, cited Gen. Sts.
c. 118, §§ 42–47, 91; *Blake* v. *Sawin,* 10 Allen, 340; *Rogers* v

*Ward,* 8 Allen, 387 ; *Clark* v. *Jones,* 5 Allen, 379 ; *Bartholomew* v. *McKinstry,* 2 Allen, 448.

*N. W. Harmon,* for the defendants.

GRAY, J.   By the statutes of this commonwealth, the real estate of Mrs. Boardman remained, notwithstanding her marriage, her separate property, not subject to the interference and control of her husband, or liable for his debts ; and might be conveyed away by her, either with his assent in writing, or without such assent with the approval of a judge of this court or of the superior court or the probate court.   Gen. Sts. *c.* 108, §§ 1, 3.   *Hills* v. *Bearse,* 9 Allen, 403.   *Staples* v. *Brown, ante,* 64. These statutes are inconsistent with the hypothesis that the husband has any estate in his wife's land, which he can convey separately during her lifetime, or which will pass to his assignees in insolvency.   The provision of the tenth section of the same chapter, that nothing contained in the preceding sections shall destroy or impair the husband's rights as tenant by the curtesy, or enable the wife to do so by will or conveyance without his written assent, secures to him only the enjoyment of the estate himself, and gives him no greater right during their joint lives to alienate his interest by a separate conveyance than a wife under the earlier law had over her right of dower in her husband's lands.   The mortgage executed by Boardman and his wife to McGregor cannot therefore be avoided by the plaintiffs as in fraud of his creditors.

As to the amount of money afterwards expended by the husband upon the wife's land, the evidence introduced by the parties at the hearing is not specific enough to enable the court to determine whether the plaintiffs are entitled to any relief by reason of such expenditure ; but affords the means of laying down general rules to guide further inquiry.   McGregor is found to have actually advanced to the husband the sum of two thousand dollars upon the mortgage of the wife's land ; and is entitled, as against the wife, to hold his mortgage as security for the repayment of that sum.   The wife had no knowledge of her husband's pecuniary condition, and is not shown to have participated in any fraudulent act or intent.

Under these circumstances, if no greater sum of money was expended by the husband after the execution of the mortgage upon the land than two thousand dollars, the sum which had been raised and charged upon the land; or if more than two thousand dollars was so expended by the husband, but the excess above that sum did not increase the value of the land above what it would have been without it; his creditors or assignees in insolvency have no equity against the wife, who has participated in no fraud against such creditors, and whose estate has received no benefit from the transactions of the husband. But if more than two thousand dollars has been expended upon the land since the making of the mortgage, and the excess over two thousand dollars has increased the value of the estate, then the amount of such increase in value, for which no consideration has been paid by the wife, and which has been added to her estate by the husband in fraud of his creditors, in equity belongs to them, and may be made a charge upon the land for their benefit.

The answers made in writing under oath by McGregor were clearly admissible in evidence against him. The fact that they had not been revised by his counsel did not make them incompetent, whatever effect it may have upon their weight.

The case must therefore be referred to a master to inquire and report what amount of money was fraudulently expended by the husband on the land after the making of the mortgage, and, if that amount exceeded two thousand dollars, how much the excess increased tne value of the land. All further directions are reserved until the coming in of the master's report.